

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite 8
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

May 19, 1986

Mr. Marvin J. Titzman
Executive Director
Texas Surplus Property Agency
P. O. Box 8120
San Antonio, Texas    78208

Opinion No. JM-497

Re: Validity of Appropriations Act rider requiring reimbursement to the General Revenue Fund for workers' compensation benefits paid to certain employees

Dear Mr. Titzman:

You ask about the validity of the following Appropriations Act rider:

> a. At the close of each calendar quarter, the Workers' Compensation Division of the Attorney General's Office shall prepare a statement reflecting the amount of workers' compensation payments paid to all former and current state employees and present it to the Comptroller of Public Accounts.

> The heads of state agencies, institutions, departments, commissions, boards, divisions, or other units of state government are directed to determine the proportionate amount of the reimbursement or payment due from funds other than General Revenue Funds and to present the Comptroller of Public Accounts a purchase or transfer voucher requesting reimbursement from such funds to general revenue. Such transfers and payments as are authorized under law shall be made with thirty (30) days from receipt of the statement of payments due. The Comptroller of Public Accounts may prescribe accounting procedures and regulations to implement this section.

> b. An agency, institution, department, commission, board, division, or other unit of state government is authorized to allocate funds to a revolving account created on its books to receive contributions from funds other than general

revenue based on a percentage-of-payroll assess-
ment to be determined by such unit of government
for the purpose of reimbursing the General Revenue
Fund for workers' compensation claims paid.

c. The State Auditor shall review in his audit
of respective agencies compliance with the pro-
visions of this section.

Acts 1985, 69th Leg., ch. 980, art. V, §60, at 7791. That rider
implements a more general rider, which provides:

It is the intent of the Legislature that unless
otherwise restricted payment for salaries, wages,
and benefits paid from appropriated funds shall be
proportional to the source of funds.

Acts 1985, 69th Leg., ch. 980, art. V, §72, at 7794.

The Attorney General's Office makes workers' compensation pay-
ments to state employees out of an appropriation from general revenue.
Acts 1985, 69th Leg., ch. 980, art. I, §23, at 7332. See V.T.C.S.
art. 8309g, §3 (attorney general's office administers workers'
compensation program for state employees). The rider set out above
deals with workers' compensation payments made to state employees
whose salaries and other benefits are paid from funds appropriated
from some fund other than general revenue. The rider requires any
such other fund to reimburse the general revenue fund for workers'
compensation payments made to a state employee whose payment and
benefits come from such other fund. If the salary and benefits of a
state employee who receives workers' compensation payments are paid
only in part from a fund other than general revenue, that other fund
must reimburse general revenue in proportion to the amount of the
employee's salary and benefits that the other fund pays.

A rider to an appropriation bill may detail, limit, or restrict
the use of funds appropriated therein. Attorney General Opinion
JM-343 (1985). A rider may not, however, repeal, modify, or amend an
existing general law. Id. The rider you ask about merely details the
way appropriated funds are to be used, and it does not conflict with
the general law regarding workers' compensation payments to state
employees. See V.T.C.S. art. 8309g. Therefore, it is a valid rider.

We note, however, that riders affect only appropriations made in
the Appropriations Act. Acts 1985, 69th Leg., ch. 980, art. V, at
7729. The Texas Surplus Property Agency receives no appropriation
under the current Appropriations Act. See Acts 1985, 69th Leg., ch.
980, at 7496-7499 (recapitulation of appropriations made to executive
and administrative departments and agencies). Therefore, the rider

you ask about does not control the transfer of funds from your agency. But see Attorney General Opinion JM-479 (1986) (money collected by the Surplus Property Agency must be deposited in the state treasury and appropriated by the legislature before it may be expended). Cf. Attorney General Opinion JM-417 (1985) (reimbursement requirement to general revenue fund for state retirement contributions or salaries paid from federal or private grants).

You also ask whether the Texas Surplus Property Agency may purchase workers' compensation insurance. The legislature requires that the state be a self-insurer. V.T.C.S. art. 8309g, §2. Therefore, a state agency may not purchase workers' compensation insurance. Attorney General Opinion H-681 (1975). The Texas Surplus Property Agency is a state agency. Attorney General Opinion JM-445 (1986). Therefore, the Texas Surplus Property Agency may not purchase workers' compensation insurance.

Apparently you ask whether a state agency may purchase workers' compensation insurance because you assume that a state employee could not receive workers' compensation payments if the fund that pays his salary and benefits were insufficient to pay a workers' compensation claim. See art. 8309(g) (providing for workers' compensation benefits for state employees). That assumption is incorrect. As we pointed out before, all workers' compensation payments to state employees are made out of money appropriated to the attorney general's office for the purpose. The source of that money is the general revenue fund. The rider that you ask about merely requires other funds to reimburse the general revenue fund for workers' compensation payments already paid by this office. It does not change the fact that, unless specifically exempted, all state employees are entitled to workers' compensation benefits under article 8309g. See V.T.C.S. art. 8309g, §1(2) (exemptions). We do not read the rider as attempting to change article 8309g. If it did attempt to do so, it would be an invalid attempt to amend general legislation. Therefore, although the rider in question may cause a state agency or other unit of state government to be accountable to general revenue, it does not exclude any state employee from coverage under article 8309g.

S U M M A R Y

A rider that requires other funds to reimburse the general revenue fund for workers' compensation payments is valid. That rider does not affect the Texas Surplus Property Agency. A state agency has no authority to purchase workers' compensation insurance. Unless specifically exempted, all state employees are eligible for workers' compensation benefits under article 8309g, V.T.C.S.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General